IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

```
BILLY G. SMITH,                      )
                                     )
                Plaintiff,           )
                                     )   CIVIL ACTION
v.                                   )
                                     )   No. 06-1256-MLB-JTR
                                     )
MICHAEL J. ASTRUE,                   )
Commissioner of Social Security,     )
                                     )
                Defendant.           )
_____)
```

**REPORT AND RECOMMENDATION**

Plaintiff previously sought judicial review of the Commissioner's decision that plaintiff was disabled beginning Dec. 1, 2000 but not at any earlier time. (Doc. 1). The district court adopted the report and recommendation of this court finding that the Commissioner had erred in evaluating the medical opinions and in determining whether plaintiff's condition equals Listing 1.05C, and recommending the case be remanded with directions to find plaintiff disabled beginning Oct. 1, 1995 and to award benefits accordingly. Smith v. Astrue, 507 F. Supp. 2d 1170 (D. Kan. 2007).

Plaintiff sought the payment of attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). (Doc. 25). The Commissioner admitted that fees are payable in

this case, but claims that the number of hours which plaintiff's counsel has billed is not reasonable in the circumstances. (Doc. 26). The district court referred the case for a report and recommendation, and the issue is ripe for decision. (Docs. 29-31).

The EAJA provides for award of attorney fees to a prevailing party in a suit against the United States unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. Estate of Smith v. O'Halloran, 930 F.2d 1496, 1501 (10th Cir. 1991). A prevailing party pursuant to the EAJA includes a plaintiff who secures a sentence four remand reversing the Commissioner's denial of benefits as to "'any significant issue in litigation which achieve[d] some of the benefit ... sought in bringing suit.'" Shalala v. Schaefer, 509 U.S. 292, 302 (1993) (quoting Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 791-92 (1989)).

The Commissioner bears the burden to show that his position was substantially justified. Gilbert v. Shalala, 45 F.3d 1391, 1394 (10th Cir. 1995); Estate of Smith, 930 F.2d at 1501. However, the party seeking the fees has the burden to show that both the hourly rate and the number of hours expended is reasonable in the circumstances. Hensley v. Eckerhart, 461 U.S. 424, 433-34, 437 (1983); Hyatt v. Barnhart, 315 F.3d 239, 253-54

(4th Cir. 2002); Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990); Faircloth v. Barnhart, 398 F. Supp. 2d 1169, 1173 (D. N. M. 2005); Brooks v. Barnhart, Civ. A. No. 04-2526-CM, 2006 WL 3027975, *1-2 (D. Kan. Sept. 25, 2006).

The Commissioner does not seek reduction in the rate of $160.35 per hour sought by plaintiff. Rather, he argues that the number of hours billed is unreasonable because (1) in routine Social Security cases, experienced attorneys are usually awarded compensation for less than forty hours of work; (2) counsel has previously briefed this case before this court and the case does not include novel or complex issues; (3) counsel is billing 61.5 hours for reading, research, and writing 56 pages of briefs; (4) plaintiff's opening brief was forty-one pages in length although appellate briefs are usually limited to thirty pages; and (4) plaintiff's fee request of $10,302.48 exceeds the average fee award in Kansas in 2006 by more than $5,500 and the average fee award nationwide in 2006 by almost $7,000. (Doc. 26). Plaintiff argues that the Commissioner's objections lack specificity, that the length of the proceedings, the ambiguous reasoning in the decision, the required analysis at all five steps of the sequential process, and the ALJ's failure to cite to the record with specificity all required more time and effort than the "average" Social Security case. (Doc. 29). Plaintiff also claims the Commissioner's argument regarding the length of

appellate briefs is like comparing apples to oranges because the proceedings before the district court bear little resemblance to an appeal. (Doc. 29, p. 9).

First, plaintiff claims that a party opposing attorney fees must make specific objections to the fee request. (Doc. 29, p. 2-3). As plaintiff argues, courts have held that a fee may only be decreased based on objections from an adverse party. Id., citing Eckerhart, 461 U.S. at 433, 434; Bell v. United Princton Properties, Inc., 884 F.2d 713, 720 (3d Cir. 1989); Walton v. Massanari, 177 F. Supp. 2d 359, 361-62 (E. D. Pa. 2001). As cited by plaintiff, the Third Circuit holds that a fee may only be reduced if the opposing party has objected to the fee. Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990); Bell, 884 F.2d at 720. But in Eckerhart the Supreme Court did not establish the proposition asserted.

In Eckerhart, the issue did not involve the specificity of the opposing party's objections but rather, how much discretion the district court has in determining whether to include or exclude time expended on a claim as to which the "prevailing party" did not prevail in the underlying litigation. Eckerhart, 461 U.S. at 432. Moreover, the Eckerhart opinion might be construed to support a finding that the court must reduce an unreasonable fee even when the opposing party does not object to the fee requested. The Supreme Court noted that the starting

point is the number of hours reasonably expended times a reasonable hourly rate.  Id. at 433.  "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed.  Where the documentation of hours is inadequate, the district court may reduce the award accordingly."  Id.  The Court did not address whether reduction was dependent on an objection from the opposing party.  However, the Court clearly indicated that a court must actively consider whether the fee requested is reasonable.

> A request for attorney's fees should not result in a second major litigation.  Ideally, of course, litigants will settle the amount of a fee.  Where settlement is not possible, the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.  The applicant should exercise "billing judgment" with respect to hours worked, and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims.

Eckerhart, 461 U.S. at 437 (citation to 461 U.S. at 434 omitted).

Further, the law in the Third Circuit is not so constricting of the district court's discretion as plaintiff argues.  That court has explained its rule, "The district court cannot 'decrease a fee award based on factors not raised at all by the adverse party.'"  Rode, 892 F.2d at 1183(quoting Bell, 884 F.2d at 720).  "Once the adverse party raises objections to the fee request, the district court has a great deal of discretion to adjust the fee award in light of those objections."  Id. (citing Bell, 884 F.2d at 721).

> We believe that, in general, the party raising such challenges, which affect an entire category (or several categories) of work, <u>need only specify with particularity the reason for its challenge and the category (or categories) of work being challenged</u>; it need not point to each individual excessive entry.
>
> It bears noting that the district court retains a great deal of discretion in deciding what a reasonable fee award is, so long as any reduction is based on objections actually raised by the adverse party. In determining whether the fee request is excessive in light of particular categorical contentions raised by the adverse party, and in setting the amount of any reduction, <u>the court will inevitably be required to engage in a fair amount of 'judgment calling' based upon its experience with the case and its general experience as to how much time a case requires</u>. In order to exercise its discretion fairly, a district court needs flexibility in deciding whether to reduce a fee request and, if so, by how much.

<u>Bell</u>, 884 F.2d at 720-21(citation omitted)(emphasis added). Thus, even in the Third Circuit, the court is precluded only from reducing a fee award <u>sua sponte</u>. The opposing party must make an objection, but the objection need not identify each individual, specific, error in the fee requested.

The court is persuaded by the Commissioner's argument that plaintiff's brief (at forty-one pages) is longer than an appellate brief is normally permitted. Plaintiff argues that such a page limitation is unhelpful in district court because it is a court of first instance and all reasonable arguments must be made for plaintiff. Contrary to plaintiff's argument, however, even the rules of this court limit the arguments and authorities section of briefs to thirty pages absent an order of the court.

D. Kan. Rule 7.1(e).  That rule is applicable to Social Security Appeals.  D. Kan. Rule 83.7(e).

Moreover, plaintiff's argument misses the nature of this court's review of Social Security decisions.  The district court is precluded in a Social Security case from weighing the facts in the first instance and has jurisdiction only to determine whether the Commissioner applied the correct legal standard and whether substantial evidence in the record supports the Commissioner's decision.  <u>Lax v. Astrue</u>, 489 F.3d 1080, 1084 (10th Cir. 2007).  This is identical to an appellate review of the Commissioner's decision.  This similarity is born out by the fact that when a Social Security case is appealed to the Court of Appeals, that court performs a <u>de novo</u> review of the Commissioner's decision, and often does not even address the district court's rationale.  <u>Id.</u>; <u>Haga v. Astrue</u>, 482 F.3d 1205 (10th Cir. 2007); <u>Pisciotta v. Astrue</u>, 500 F.3d 1074 (10th Cir. 2007); <u>Blea v. Barnhart</u>, 466 F.3d 903 (10th Cir. 2006).

The court agrees that plaintiff's brief is excessively lengthy and cumbersome, but does not feel that it would be appropriate to reduce the hours expended in preparing the brief by a full twenty-five percent (11 excess pages divided by 41 total pages) because some of the excessive length is the result of failure by the ALJ in preparing his decision.  As the court noted in its Report and Recommendation, the ALJ presented a one-

sided view of the evidence, often failed to cite to the record, and when citing to the record made erroneous citations.  All of these errors necessitated increased time on the part of plaintiff's counsel in order to correctly cite the record and support his argument.  As plaintiff explains, he was required to evaluate and coordinate references in three decisions and address ambiguous reasoning by the ALJ in preparing his briefs. Nonetheless, counsel has represented plaintiff in each of the three reviews before this court, and as the Commissioner argues, this fact should have made an experienced counsel such as plaintiff's extremely familiar with the case and better able to brief the case concisely.  Moreover, although it was necessary to address the prior decisions of the court and of the Commissioner for background, some of plaintiff's brief involved argument regarding the earlier decisions.  The argument was not relevant in this case, and the court found it necessary to explain that its decision was a review of the <u>final</u> decision of the Commissioner and did not involve review of the Commissioner's earlier decisions or consideration or vindication of the court's earlier decisions.  In like manner, the Commissioner's argument that plaintiff received a fee award of $6,216.00 based on work in the earlier case is irrelevant to the reasonableness of a fee in this case, except as it speaks to the familiarity of counsel with the facts and issues presented in this case.

The Commissioner's argument that this case does not include novel or complex issues has merit, but nonetheless, other factors, such as the complexity of the procedural posture of the case and the ALJ's ambiguity and lack of clarity of citation, justify some additional time spent in preparing this case. Although this was not a completely routine or average case, it need not have involved the lengthy briefing submitted.

The Commissioner's arguments regarding the 2006 average fee award in Social Security cases in Kansas or nationwide is helpful in a general sense in placing plaintiff's fee request in perspective. However, the court must evaluate fees in light of the specific facts and factors affecting the case. Therefore, although the Commissioner's argument convinces the court that the fee requested is significantly higher than in other cases in this jurisdiction and nationwide, that alone does not mean that the fee is unreasonable. In aggregate and in accordance with the court's discussion above, the court recommends the time spent on plaintiff's initial brief be reduced by ten hours.

With regard to plaintiff's reply brief, the court finds it was particularly unhelpful to the decision of this case. Most of plaintiff's reply brief merely reiterated plaintiff's allegations, stated the Commissioner's response to the allegations, if any, and explained why, in plaintiff's view, plaintiff's argument should be preferred over that of the

Commissioner.  The court finds that only four hours of time preparing plaintiff's reply brief was reasonably expended in this case.  Thus, the court recommends that eighteen and one-half hours should be excluded in awarding fees in this case (ten hours preparing the brief, eight and one-half hours preparing the reply), resulting in a finding that only forty-five and three-quarter hours was reasonably expended in prosecution of the case.  Finally, the court finds that only an additional three hours should be allowed for plaintiff's preparation of his reply to defendant's objections to the fee application.  As quoted above, application for a fee award should not result in a second major litigation.  <u>Eckerhart</u>, 461 U.S. at 437.  Moreover, much of plaintiff's reply did not explain the necessity of the time expended in this case but merely disputed the Commissioner's view as to the cases cited in opposition to the fee requested.

Therefore, the court finds that forty-eight and three-quarter hours is a reasonable time spent in this case at an undisputed rate of $160.35.  Thus, a reasonable fee award in this case is $7,817.00.

**IT IS THEREFORE RECOMMENDED** that attorney fees in the amount of $7,817.00 be awarded to plaintiff.

Copies of this recommendation and report shall be delivered to counsel of record for the parties.  Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and D. Kan. Rule 72.1.4, the

parties may serve and file written objections to this recommendation within ten days after being served with a copy. Failure to timely file objections with the court will be deemed a waiver of appellate review. <u>Morales-Fernandez v. INS</u>, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated this 30th day of January 2008, at Wichita, Kansas.

                                            s/John Thomas Reid
**JOHN THOMAS REID**
**United States Magistrate Judge**